By the Court, Moncrief, J.
The plaintiffs were entitled to a verdict, unless the defendants established a counter-claim ; the allegations in the complaint were expressly admitted. The defendants had averred the acceptance of a risk by the plaintiffs, the happening of a loss, and that “ the defendants duly fulfilled all the conditions of said policy of insurance on their part; and more than thirty days before the commencement of this action they gave to the plaintiffs due notice and proof of the loss aforesaid,” &c. &c. The policy provided for payment, “• in case of loss, in thirty days after proof of loss,” &c„ The defendants having failed to establish the giving proof of loss to the plaintiffs, before the commencement of this action, the counter-claim was premature, and could not be entertained. (Kimball v. The Hamilton Fire Ins. Co., 8 Bosw. 495.) Assuming, therefore, that the defendants had given evidence proper to be submitted to the jury upon the question whether or not the plaintiffs had accepted the risk specified as a counter-claim, as to which however there is great doubt, a condition precedent to a right of action was the service of proof of loss upon the .plaintiffs and the expiration of thirty days thereafter. The defendants gave no evidence tending to show that proof was given at any time, and their counter-claim was properly dismissed by the direction to the jury to find a verdict for the plaintiffs.
Whether or' not the questions which were allowed under objection and exception by the defendants were proper and relavant as tending to show that no valid and subsisting insurance upon the subject matter of the counter-claim was effected by the defendants with the plaintiffs, need not be considered. Even if the questions were objectionable, the defendants suffered no injury by their being allowed. None of the exceptions being well taken, they should be overruled, and judgment upon the verdict directed to be entered for the plaintiffs.